**Margaret Bennett, Appellee, v. Emery E. Bennett, Executor of the Estate of Alvin Bennett, Deceased, Appellant.**

1. WILLS, § 324*—*when equitable conversion of real estate directed to be sold takes place.* A direction in a will to sell real estate and distribute the proceeds among the beneficiaries, where the time of conversion is not limited to a future time, fixes the time of conversion as at the date of the testator's death, and the doctrine of equitable conversion applies.

2. CONVERSION, § 1*—*what is equitable conversion.* Equitable conversion is a constructive alteration in the nature of property by which real estate is regarded as personalty, or personal estate as realty.

3. WILLS, § 321*—*what is effect of direction to sell realty.* Where there is an imperative direction in a will for the conversion of real estate into personalty, that will be regarded as done which ought to be done.

4. WILLS, § 231*—*how will is construed.* In construing a will the intention of the testator must be gathered from the language of the will viewed, in case of ambiguity, in the light of the situation of the testator, and the circumstances surrounding him at the time it was executed.

5. WILLS, § 323*—*when direction to sell realty works equitable conversion.* Where a will directed that the executor pay to the testator's wife such portion of the estate as would be legally due her under the laws of the State, that all the real estate be sold by the executor and, after the payment to the wife of her due portion, the remainder be sold and distributed among certain legatees, *held* that the direction to sell worked an equitable conversion of the real estate and that the widow was entitled to one-third of the proceeds of the sale of the real estate, that remained after the payment of her widow's award and of the debts and expenses of administration, and not a homestead and dower in the real estate.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

WILSON & SCHMIEDESKAMP and CARL E. EPLER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FINLEY CARROTT and SAMUEL WOODS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The will of Alvin Bennett, executed in 1912 and admitted to probate in 1915, provided:

(1) That all his debts be paid by his executor.

"(2) It is my will and I hereby direct my executor to pay to my wife, Margaret Bennett, the part or portion of my estate which may be legally due her by virtue of her rights under and in conformity to the laws of the State of Illinois.

"(3) It is my will that the remainder of my personal property be sold by my executor either by private or public sale as he may deem to the best interest of my estate in the manner and form that my executor may designate.

"(4) It is my will and I hereby direct my executor to sell at public sale according to the laws of the State of Illinois, any and all of the real estate of which I may die seized, for cash in hand to the highest and best bidder.

"(5) After the payment of all my just debts and the payment of what money may be due my wife, Margaret Bennett, as her part or portion of my estate, and the payment of all costs connected with the settlement of my estate, it is my wish that the remainder be divided as follows:"

The sixth paragraph gives a legacy of $500 to a daughter. The seventh directs that the remainder of the estate be divided among his surviving sons and daughters, share and share equally, and the ninth appoints Emery E. Bennett executor.

The testator left surviving him his widow, Margaret Bennett, and eight children. The widow was his third wife and was not the mother of any of his children. An award of $750 was set off to the widow. The personal property of the deceased amounted to about

$1,400. His real estate was sold by the executor for $21,357.20. After the payment of the widow's award, debts and costs of administration, there remained for distribution under the will $18,489.84.

The question involved in this appeal is whether the widow takes one-third of the proceeds of the sale of the real estate that remains after the payment of the widow's award, the debts and expenses of administration, or her homestead and dower rights. From the judgment in the Probate Court an appeal was prosecuted to the Circuit Court where it was adjudged that the widow receive one-third of the proceeds of the real estate remaining after the payment of the debts and costs of administration. The executor appeals to this court.

The will directs the executor to pay the debts of the testator, then that the executor pay the widow the part or portion of the estate that may be legally due her under the laws of Illinois. It then directs that the executor sell the remainder of his personal property and all his real estate and then repeats "after the payment of all my just debts and the payment of what money may be due my wife, Margaret Bennett, as her part or portion of my estate," that a legacy be paid to his daughter Olive and the remainder be divided among his children equally.

The entire estate is directed to be converted into cash for distribution amongst his wife and children. A direction to sell real estate and distribute the proceeds among the beneficiaries, where the time of conversion is not limited to a future time, fixes the time of conversion as at the date of the testator's death, and the doctrine of equitable conversion applies. Equitable conversion is defined as a constructive alteration in the nature of property by which real estate is regarded as personalty, or personal estate as realty. Where there is an imperative direction for a conversion, that will be regarded as done which ought to be

done. *Haward v. Peavey*, 128 Ill. 430; *Lash v. Lash*, 209 Ill. 595; *Greenwood v. Greenwood*, 178 Ill. 387.

The intention of the testator must be gathered from the language of the will viewed, in case of ambiguity, in the light of the situation of the testator, and the circumstances surrounding him at the time it was executed. The testator had a homestead and other real estate. He imperatively directs all his real estate be sold for cash to the highest bidder, and that the remainder of the proceeds, after the payment of his debts and what may be due his wife, is to be distributed amongst his children. The real estate is directed to be sold for the purpose of paying the widow her portion of the proceeds and of distributing the remainder among his children. If the contention of appellant that the widow was only to have homestead and dower in the real estate is the proper construction to be given to the will, then all she is entitled to is that one-third of the real estate be set off to her for life as her dower, or if that cannot be done without damage to the whole, then that a jury be impaneled to assess the yearly value of her dower, although, in the event that dower could not be allotted to her in kind, she might consent in case of a sale that it be sold disencumbered of dower and to take the present value of her dower in cash. The widow must take primarily under the will and not under the statute, otherwise the executor could not have sold the interest she would have taken had there not been a will. The will does not give to the widow either any of his real estate or the cash value of any interest in his real estate. The executor is directed to pay to the wife the portion of the estate that may be legally due her, and is directed to pay that portion in money after its conversion.

The provision of the first paragraph that all the just debts of the testator be paid, followed by the direction in the fourth paragraph that all the real estate be sold for cash to the highest bidder, in connec-

tion with the direction in the fifth paragraph that "after the payment of all my just debts and the payment of what money may be due my wife," would appear to limit the bequest to the widow to what the law gives her in the proceeds of the sale of the real estate after its conversion, that remained after the payment of the testator's debts.

The sale of a widow's dower interest in real estate cannot be made unless there is a provision in a will making an allowance to her in lieu of dower. The will in controversy directs the entire estate to be converted into money and that the executor pay the widow from the proceeds thereof, after the payment of debts, the part which may be legally due her under the law of Illinois. If she was to take only her homestead and dower under the statute and not under the will, then his debts would not affect her rights as under the statute she would be entitled to one-third of his real estate over and above the homestead. The trial court correctly construed the will of the testator, the judgment is therefore affirmed.

*Affirmed.*